UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jarrell Clark, | : | |
| c/o Piontek Law Office | : | |
| 951 Allentown Road | : | |
| Lansdale, PA 19446 | : | |
| Plaintiff | : | |
| v. | : | |
| City of Philadelphia | : | |
| c/o City of Philadelphia Law Department | : | |
| 1515 Arch Street | : | **12   6153** |
| Philadelphia, PA 19102 | : | |
| and | : | |
| Officer Humm (First Name Unknown) | : | |
| c/o City of Philadelphia Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | Jury Trial Demanded |
| and | : | |
| JOHN DOE(S) 1-10 | : | |
| c/o City of Philadelphia Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| Defendant(s) | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Jarell Clark, by and through his attorney, Vicki Piontek,

Esquire, and respectfully states the following:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U. S. C. § 1985( c). Jurisdiction is

   based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory

   provision.

2. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §

   1367(a) to hear and adjudicate the pendant state law claims.

**PARTIES**

3. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

4. Plaintiff, Jarrell Clark, (hereinafter referred to as "Clark"), is an adult individual and a resident of the Commonwealth of Pennsylvania and the City of Philadelphia at all times relevant hereto.

5. Defendants are the following persons and entities.

a. Officer Humm, whose first name is unknown, is an individual and an employee of the City of Philadelphia and who is currently an officer of the aforesaid Philadelphia Police Department. At all times relevant hereto this Defendant's actions were under color of state law.

b. CITY OF PHILADELPHIA, (hereinafter referred to as "City") is a municipality existing under the laws of the Commonwealth of Pennsylvania and which and owns, operates, manages, directs and controls the Philadelphia Police Department (hereinafter referred to as "Police") as well as the City of Philadelphia Law Department and all employees thereof.

c. John Does 1-10, are individuals and municipal entities known and unknown employed as
   for the City of Philadelphia Police Department whose identities are at this time unknown
   and who at all times relevant hereto acted under color of state law. It is believed and
   averred that such Does played a substantial role in the acts, omissions, transactions or
   occurrences averred in this Complaint.

6. Defendants individually and in their official capacities acted in concert and conspiracy to
   deprive Plaintiff, Clark, of his constitutional and statutory rights, as well as having
   committed common law torts against Plaintiff.

7. The unlawful actions of each Defendant are set forth below.

## OPERATIVE FACTS

8. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

9. On or about January 16, 2012, at approximately 4:06 A.M., Plaintiff Jarrell Clark was driving an automobile at or near 58th and Baltimore Streets in the City of Philadelphia, Pennsylvania.

10. At the time that Plaintiff was driving said automobile at said location, Defendant [name of officer] initiated a traffic stop, and pulled Plaintiff over.

11. Plaintiff produced a valid Pennsylvania Drivers license with which was designated to be used for occupational purposes only.

12. At said time and place where Defendant, Officer Humm, pulled plaintiff over, Plaintiff was using said drivers license exclusively for occupational purposes. To wit, Plaintiff was engaged in his trade / occupation as an independent contractor on his way to work.

13. Defendant, Officer Humm querried Plaintiff as to what Plaintiff was doing at that date time and Place. Plaintiff responded to Defendant Officer Humm that he was an independent contract on his way to work.

14. Despite Plaintiff's reasonable explanation of his activities, Officer Humm indicated to Plaintiff that he did not believe Plaintiff was using Plaintiff's occupational limited license for occupational purposes, but did not provide any factual basis for such disbelief.

15. Plaintiff made one last attempt to reason with Defendant, Officer Humm, and offered the name of Plaintiff's contractor / supervisor, so that Defendant, Officer Humm, could verify that Plaintiff was engaged in occupational activities at the time of the traffic stop.

16. Without listening to Plaintiff, without hesitation, and without further investigation, Defendant [name of officer] issued a traffic citation against Plaintiff for alleged violation of 75 PS 1543 b, Driving with a suspended license, DUI related, an offense with a maximum possible jail time of 90 days of imprisonment, and a fine of $595.00.

17. At all times mentioned herein, there was no evidentiary basis whatsoever for Defendant Officer Humm' s accusations against Plaintiff that Plaintiff was driving outside of the scope of Plaintiff's occupational limited license, or that Plaintiff was not engaged in his occupation or trade at the time of the traffic stop.

18. At all times mentioned herein, Officer Humm made no reasonable attempt to investigate the facts, or to verify Plaintiff's version of the facts.

19. At all times mentioned herein, Plaintiff was wholly innocent of the charges of 75 PS 1543 b, because he was engaged in his trade / occupation, as an independent contractor as [say what Plaintiff was doing].

20. At all times mentioned herein, the charges brought against Plaintiff by Defendant Officer Humm were wholly false and without legal or factual basis.

21. As a result of the aforementioned false and baseless criminal traffic charges, Plaintiff was subjected to a criminal prosecution and therefore was required to attend a criminal traffic hearing for the alleged violation of 75 PS 1543b.

22. On or about March 23, 2012, a hearing was held at the traffic Court in Philadelphia, wherein Plaintiff was represented by criminal defense attorney Crystal Powell, Esquire, and was exonerated of the false and baseless criminal charges of 75 PS 1543b.

23. As a result of the aforementioned false and baseless criminal traffic accusations being brought against Plaintiff by Defendant Officer Humm, Plaintiff suffered hardships including but not limited to the following.

   a. Travel expenses related to Plaintiff's Court appearance, proving his innocence and legal consultation.

   b. $350 attorney fees paid up front

   c. $350 attorney fees still owed

   d. Loss of sleep, anxiety, worry and emotional distress.

## COUNT ONE:
## FEDERAL CIVIL RIGHTS VIOLATION

24. The previous paragraphs are incorporated herein by reference, and made a part of this Complaint.

25. All of the aforementioned actions committed by Defendant, Officer Humm were committed under color of state law.

26. As a direct and proximate result of all Defendants' aforementioned conduct, committed under the color of state law, Plaintiff was deprived of the right to be free from unreasonable and malicious prosecution.

27. As a direct and proximate result of all Defendants' aforementioned conduct, committed under the color of state law, Plaintiff was also deprived of the right to be secure in one's person and property.

28. As a direct and proximate result of all Defendants' aforementioned conduct, committed under the color of state law, Plaintiff was also deprived of the right to due process of the law.

29. As a direct and proximate result of all Defendants' aforementioned conduct, committed under the color of state law, Plaintiff Henderson suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

30. As a direct and proximate result of the acts of all Defendants, Plaintiff sustained injuries, emotional harm, loss of liberty and financial losses.

## COUNT TWO:
## MALICIOUS PROSECUTION

31. The previous paragraphs are incorporated herein by reference, and made a part of this Complaint.

32. Defendant, Offers Humm wrongfully initiated criminal charges against Plaintiff for 75 PS 1543b.

33. The proceeding eventually ended in plaintiff's favor, when Plaintiff was acquitted of all charges at trial.

34. Defendant, Officer Humm's motive in the above described facts was improper in that it was personal, self motivated and vindictive as evidenced by Defendant Humm's absolute refusal to further investigate the facts that would have demonstrated that Plaintiff was within the guidelines of his occupational limited license when Plaintiff was cited for 75 PS 1543b.

35. As a result of Defendant(s) actions, plaintiff suffered a serious deprivation of liberty, financial loss and severe emotional distress.

## COUNT THREE:
## MALICIOUS ABUSE OF PROCESS

36.   The previous paragraphs are incorporated herein by reference, and made a part of this
      Complaint.

37.   Defendant Officer Humm wrongfully initiated proceedings against plaintiff by way of
      enforcing an improper citiation for 75 PS 1543b against Plaintiff.

38.   Defendant Officer Humm further denied Plaintiff proper process by refusing investigate
      the merits of Plaintiff's explanation that he was engaged in occupational work while
      Plaintiff was pulled over by Officer Humm and cited for 75 PS 1543b.

39.   Defendant Officer Humm's motive in the above described abuse of process was
      outrageous, illegitimate, self-motivated and vindictive, as evidenced by Defendant
      Officer Humm's absolute refusal to investigate facts that would have proven Plaintiff was
      an innocent man.

## DAMAGES

40. The previous paragraphs of this Complaint are incorporated by reference and made a part of

    this Complaint.

41. As a result of Defendant Officer Humm's unlawful conduct complaint of in this Complaint,

    Plaintiff suffered actual damages including but not limited to the following.

a. Travel expenses related to Plaintiff's Court appearance,
   proving his innocence and legal consultation, no less than $1.00          $1.00

b. Attorney fees paid up front for the defense of the underling
   false criminal traffic allegations that Plaintiff was exonerated of       $350

c. Attorney fees still owed for the defense of the underling
   false criminal traffic allegations that Plaintiff was exonerated of       $350

                                                    Total $701.00

42. As a direct and proximate result of Defendant's Officer Humm's aforementioned misconduct,

    Plaintiff suffered emotional distress, loss of sleep, anxiety and worry.

43. For purposes a default judgment, the value of such emotional distress, loss of sleep, anxiety and worry is no less than $10,0000.

44. Plaintiff believes and avers that Defendant, Officer Humm's conduct was willful, wanton, intentional, and reckless at best, thereby warranting punitive damages.

45. For purposes of a default judgment, Plaintiff believes and avers that the value of such punitive Damages is no less than $25,000.00.

## ATTORNEY FEES FOR PROSECUTING THE INSTANT ACTION

46. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

47. Pursuant to the provisions of 42 USC 1983 et. seq, Plaintiff believes and avers that he is entitled to reasonable attorney fees in prosecuting this instant action.

48. Plaintiff believes and avers that the fair market value of such attorney fees should be no less than $350 per hour.

49. Such attorney fees are estimated below.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 hour |
| b. | Drafting, editing, review, filing and service of Complaint, and related documents | 3 hours |
| c. | Follow up with Defense | 2 hours |

5.5 hours x $350 per hour = $2,100

50. Plaintiff's attorney fees continue to accrue as the case move forward.

51. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

WHEREFORE, Plaintiff requests this Honorable Court to grant him an award of $37,801 enumerated below.

| | | |
|---|---|---|
| a. | Travel expenses | $1.00 |
| b. | Emotional distress, loss of sleep, worry, etc. | $10,000 |
| c. | Punitive damages | $25,000 |
| d. | Reasonable attorney fees for defending the false criminal charges referred to in this Complaint | $700.00 |
| e. | Reasonable attorneys' fees for prosecuting this action | $2,100 |
| | | $37,801 |

Plaintiff also seeks reasonable costs for prosecuting this instant action, and  such other declaratory and further relief as appears reasonable and just.

_Vicki Piontek_                    10 25/2012

Vicki Piontek, Esquire          Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

COMMONWEALTH OF PENNSYLVANIA

CITATION NO.

PHILADELPHIA TRAFFIC COURT
800 SPRING GARDEN STREET
P.O. BOX 56301
PHILADELPHIA, PA 19130-6301

**TRAFFIC CITATION**

**X0527535-1**

| 2. O.D.L. ☐ | 3. STATE ☑ PA | | 4. SEX ☑ M ☐ F |

6. DEFENDANT NAME FIRST: Jarrell    MIDDLE: Z,    LAST: Clark

7. DEFENDANT STREET ADDRESS: 1501 Benner St.

8. CITY: Phila    9. STATE ☑ PA    10. ZIP CODE: 19149

11. OWNER/LESSEE OR CARRIER NAME (if different from defendant)

11A. IDENTIFICATION SOURCE
☑ Drivers License   ☐ Defendant
☐ Non Drivers License   ☐ BMV
☐ Other _____

12. OWNER/LESSEE OR CARRIER ADDRESS

| 13. VEHICLE REG. NO. HWT 2559 | 14. REG. YR. 9-12 | 15. STATE ☑ PA | 16. MAKE Chevy | 17. TYPE 2PE | 18. COLOR Blk |
| 19. VEHICLE REG NO. | 20. REG. YR | 21. STATE ☐ PA | 22. MAKE | 23. TYPE | 24. COLOR |

**SEE BACK OF DEFENDANT'S COPY FOR BREAKDOWN OF TOTAL DUE.**

VIOLATION TYPE
25. ☑ Vehicle Code   ☐ Ordinance
☐ Filed on Information Received   ☐ Active Work Zone
☐ Lab Services Requested   ☐ Safety Corridor

TOTAL DUE* (if paid within 10 days of issuance)
$95.50

26. CHARGE SECTION & SUBSECTION: 1543-B-1

27. NATURE OF OFFENSE: License Suspended - DUI Related

| 28. SPEED TIMED | 29. SPEED ALLOWED | 30. WEIGHT PERMITTED _____ lbs. | 31. ACTUAL VEHICLE WEIGHT _____ lbs. |
| 32. FOLLOWED _____ miles | 33. TIMED _____ miles | 34. TIMED _____ seconds | 35. SPEED EQUIP. SERIAL NO. | 36. SPEED DEFECT EQUIP. TYPE | 37. STAT EQUIP. TEST |
| 38. DATE EQUIP. TST ☐ YES | 39. ACC. ARREST/RPT. NO. | 40. LOCATION OF OCCURRENCE: 58G E Baltimore |
| 41. DIRECTION/ACC. ROUTE | 42. SELECTIVE ENF. | 43. DIR. OF TRAVEL W. | 44. WEATHER CONDITIONS Clear | 45. OFFENSE DATE MO. DAY 1-16-12 | 47. TIME 1.06 ☐ AM ☑ PM |

**NOTICE TO APPEAR**

**YOU MUST APPEAR FOR YOUR SUMMARY TRIAL WHICH IS SCHEDULED FOR:**

| 48. MONTH 3 | 49. DAY 22 | 50. YEAR 201_ | 51. TIME 1:00 ☐ AM ☑ PM | LOCATION: 800 Spring Garden Street Philadelphia, PA 19123 |

You must plead Guilty or Not Guilty within 10 days of receipt of the citation (see the Reverse side of the Citation). If within 10 days of receipt of the citation you enter a guilty plea and pay the fine and costs indicated on the citation, the summary trial will be cancelled. If you are charged with a violation of 75 Pa.C.S. § 1543 or any other violation that provides for the imposition of a prison sentence, you must appear on the above date with counsel. If you fail to appear for the trial, you are consenting to the trial in your absence. If you are found guilty, the collateral deposited will be forfeited and applied toward your fines and costs. Within 30 days of the entry of a guilty plea or adjudication of guilt you have the right to appeal for a trial de novo in the Court of Common Pleas.

**I have served a copy of this Citation on the Defendant.**
I verify that the facts set forth in this citation are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. §4904) relating to the unsworn falsification to authorities.

OFFICER'S SIGNATURE: M.O. Humm    BADGE NO. 4939

52. DEFENDANT'S SIGNATURE ACKNOWLEDGES RECEIPT OF CITATION
X _____

| 53. DATE 1-16-12 | ☑ ISSUED ☐ FILED |

| 54. STATION ADDRESS | 55. DIST. 158 | 56. LAW ENFORCEMENT AGENCY ☐ Acc. Inv. Div. ☐ DRPA ☑ City Police ☐ PennDOT ☐ Pub. Util. Com. ☐ State Police ☐ Other |
| 57A. JUVENILE ☐ YES ☑ NO | 57B. PARENTS NOTIFIED ☐ YES ☐ NO | 58. COMM. VEH. ☐ HAZ. MAT. ☐ | 59. SCHOOL VEH. ☐ 16 PASS VEH. ☐ | 60. ☑ MARKED ☐ UNMARKED |

20. REMARKS: REFER TO TVR # X05275340

NCIC/PCIC revealed operators license
suspended DUI-related

| 61. TOTAL DUE (if paid within 10 days of issuance) $95.50 | 62. SECTION/SUB SEC. 1543-B-1 | 63. DATE 1-16-12 | **X0527535-1** |

**NOTICE**

If you plead guilty or are found guilty, points may be assessed against your driver's record. An accumulation of points may result in the suspension of your driving privilege. Also, your driving privilege WILL BE SUSPENDED if you plead guilty or are found guilty of certain offenses under the Vehicle Code, including but not limited to 75 Pa.C.S. §§ 1371, 3341,3345,3367,3718,3734,3736, subsequent convictions of 75 Pa.C.S. § 1501, a violation of 75 Pa.C.S. § 3361 when occurring in an active work zone and an accident report is submitted by the police, and a violation of 75 Pa.C.S. § 3362 when occurring in an active work zone.
*Final Amount to be determined by Traffic Court.

AOPCA-2005    **DEFENDANT'S COPY**
Please read your Rights and Obligations on reverse side.



* X 0 5 2 7 5 3 5 1 *

EXHIBIT A

eTIMS : PHILA TRAFFIC CT                                                                 Page 1 of 1

**Quick Process**

| | | | **Customer** | **Financial Summary** | | **Customer Status** |
|---|---|---|---|---|---|---|
| All: | 11 | ($0.00) | Clark , Jarrail Z | Ticket Amount: | $0.00 | Fulfilled IPP |
| Open Tickets: | | ($0.00) | 1501 Benner St | Fee Amount: | $0.00 | |
| Dalq Tickets: | | ($0.00) | Phila, PA 19149-0000 | | | |
| Marked/Held Tickets: | | ($0.00) | **Address Source:** Registry | Total Due: | $9.00 | |
| IPP Tickets: | 1 | ($0.00) | | Unapplied Amt: | $0.00 | |

**Ticket Type:** Move
**License:** PA26996999
**Date of Birth:** 11/16/1983

| | Ticket # | | Violation/ Issue Date | Last Closing Disp/ Disposition | Suspend Class/ Untimely Review | Suspend Code/ Badge | Suspend Start/ Suspend Until |
|---|---|---|---|---|---|---|---|
| | X05275340 | | 4303A 01/16/2012 | 03/23/2012 GUILTY IPP | No | 91 :IPP 004939 | 03/23/2012 04/23/2012 |
| | X05275351 | | 1543B1 01/16/2012 | 03/23/2012 DISMISSAL | No | 25 :DA COURT 004939 | 03/01/2012 03/23/2012 |
| | S00921955 | | 6308A 07/26/2009 | 01/08/2010 APPEAL SUSTAINED | No | 99 :COURT APPR 002305 | 12/15/2009 01/08/2011 |
| | S00921966 | | 4581A 07/26/2009 | 01/08/2010 APPEAL DENIED | No | 99 :COURT APPR 006845 | 12/15/2009 01/08/2011 |
| | S01887804 | | 3111A 06/08/2009 | 08/07/2009 GUILTY IPP | No | 91 :IPP 005369 | 08/07/2009 11/09/2009 |
| | S01552423 | | 4524E1 04/01/2009 | 06/04/2009 NOT GUILTY | No | 98 :COURT APPR 010757 | 04/20/2009 04/20/2009 |
| | E07277362 | | 3111 10/05/2008 | 01/21/2009 APPEAL GLTY W/AMEND | No | 17 :APL 30 DAY 002050 | 01/27/2009 02/26/2009 |
| | E0571417D | | 4524A 06/29/2008 | 08/29/2008 NOT GUILTY | No | 35 :COLL OK 001817 | 07/24/2008 09/03/2008 |
| | G00141400 | | 3115 03/22/2006 | 05/24/2006 GUILTY | No | 98 :COURT APPR 000322 | 04/11/2006 04/11/2006 |
| | Q00733224 | | 4524 03/08/2005 | 07/27/2005 GUILTY IPP | No | 91 :IPP 006112 | 07/27/2005 09/07/2005 |
| | Q00733213 | | 3334B 03/08/2005 | 07/37/2005 NOT GUILTY | No | 99 :COURT APPR 006112 | 03/32/2005 08/01/2005 |

EXHIBIT B